NYE v. ALLEN.

(Circuit Court, D. Massachusetts. February 9, 1883.)

PATENTS FOR INVENTIONS—REISSUE—VALIDITY.
   The unwarrantable expansion of the claims in a reissue defeats its validity.

In Equity.

Carroll D. Wright, for complainant.

Thomas H. Dodge, for defendant.

LOWELL, J. This case brings up again the constantly-recurring question of the validity of a reissued patent. The plaintiff's patent, No. 105,833, for an improvement in horse hay-rakes, granted July 26, 1870, was reissued in 1875, and again in 1881, and this reissue, No. 9,731, is now sued on. The first reissue is not in evidence, and the comparison is between the original patent and the second reissue. The description and drawing are alike, so far as I can see, but the first and fifth claims are much larger than any which were granted in 1870. If they are construed broadly they can hardly be sustained, in view of the Drake and Ryder patents, especially the latter, and the defendant contends that even though they should be narrowed somewhat to correspond with the difference between the plaintiff's improvements and those of Drake and of Ryder, they will embrace his machine, while no claim of the original patent would reach it.

The improvement in horse rakes, which is the subject of the plaintiff's patent, consists in making each tooth independent of every other, by providing it with a drum, a holder, and a spiral spring, so combined and operating that the tooth shall yield when it meets an obstruction, and be brought down again by force of the spring when the inequality of ground is passed. In the specifications and drawings, the upper end of the spring is pivoted to the drum, and moves with it; but it was soon discovered that it is not necessary to have a movable drum, because, by hooking the end of the spring to the tooth itself, the necessary motion is imparted to it. The plaintiff himself dis-

covered this, and made his rakes in the modified form. I do not mean that he was the first or only person who discovered it. Whether this change and simplification of parts was patentable or not,—and I am inclined to think it may have been,—it was a change, and in re-issuing his patent the plaintiff omits all mention of the drum in his first and fifth claims, which are those now said to be infringed.

The plaintiff seeks to avoid the effect of the apparent expansion by arguing that a drum is found in the defendant's machine, and that a drum may be construed into the first and fifth claims of the reissue. Neither of these positions can be sustained. The defendant has no drum, and the plaintiff evidently omitted the drum from the claims of his reissue on purpose to cover such machines as the defendant's; and it cannot be fairly construed into them again. The first claim is: "The combination of a rake-tooth, a holder therefor in which the tooth is pivoted by a horizontal axis, and a spiral spring encircling said holder and axis, and having its ends secured relatively to the tooth to exert a downward yielding pressure upon the tooth, substantially as described." The fifth, though somewhat different from the first, is even more general in its phraseology, and has no reference to the drum. No claim of the original patent covers a machine like that of the defendant.

Under the recent and well-known decisions of the supreme court, this expansion of the claims was unwarrantable. Bill dismissed.